S. C. OSBORN, Appellee, v. JOHN F. WILLIAMS, JR., Appellee ; T. M. TAYLOR, Appellant.

Mortgage : FORECLOSURE : RELEASE OF MORTGAGOR FROM PERSONAL LIABILITY. An agreement between a mortgagor and his mortgagee releasing the former from any personal liability upon the mortgage indebtedness, but providing that it was not intended by such agreement to discharge the mortgaged premises from the payment thereof, will not operate as a payment of said indebtedness, and a discharge of the mortgage lien, as against a purchaser of said premises subject to the mortgage.

*Appeal from Mills District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, MAY 19, 1891.

ACTION to foreclose a mortgage against the mortgagor Williams, and a subsequent purchaser, Taylor.

A decree was rendered foreclosing the mortgage, but releasing the mortgagor from personal liability thereon. The defendant Taylor appeals.—*Affirmed.*

*D. H. Solomon,* for appellant.

*E. B. Woodruff,* for appellees.

BECK, C. J.—I. The petition is in the usual form, and asks a judgment against the mortgagor for the amount due on the mortgage, two thousand dollars, and for a decree of foreclosure against the mortgaged property. The mortgagor made default, and the purchaser, Taylor, answered, setting up that the land was conveyed to him subject to the mortgage, and that after the commencement of this action the plaintiff and the mortgagor, Osborn, entered into a written contract in the following language:

"This agreement made this twenty-fifth day of October, 1889, between S. C. Osborn, party of the first part, and John F. Williams, Jr., party of the second part, witnesseth, that on October 15, 1888, second party signed and delivered to John F. Osborn two promissory notes for one thousand dollars each, due in one and two years, with eight-per-cent. interest from date, and executed a real-estate mortgage to secure said notes on lots 4, 5 and 6, in block 20, in the city of Glenwood, Iowa; that said notes and mortgage were indorsed to said party of the first part, and that said second party has sold said mortgaged premises; and that in consideration of the sum of seven hundred dollars paid by second party to first party, said first party hereby releases second party from said notes, and agrees to look to the security for said debt; and as foreclosure proceedings have been commenced by said Osborn against said mortgaged premises, and asking judgment against said Williams for the full amount of said notes, it is further agreed that said claim for personal judgment shall be dismissed, and only a judgment and decree of foreclosure against said mortgaged premises

be taken when said cause comes for trial, and that said premises shall be sold on execution, and if the same sells for more than one thousand and eighty-two dollars, and all costs and attorney's fees, such overplus shall be paid to John F. Williams, Jr. ; and if said premises do not sell for more than said sum, and attorney's fees and costs, then the proceeds of such sale shall be paid to said S. C. Osborn ; and said Wiiliams is to make no defense to the foreclosure of said mortgage ; and said Osborn is to release at once the attached property in said case, and deposit said notes in the Mills County National Bank, to be there kept till said decree of foreclosure is rendered, when they are to be surrendered to said Williams. This agreement is not intended to pay or release any of said indebtedness as against the premises mortgaged, but simply to release said Williams from a personal judgment and liability on said debt.

"S. C. OSBORN,
" JOHN F. WILLIAMS, JR."

This agreement was introduced in evidence with an indorsement showing the payment of the seven hundred dollars therein stipulated to be paid. It appears that the mortgage debt is due, and it is admitted by the defendant Taylor, in his answer, that he purchased the land subject to the mortgage, and that it was so conveyed to him.

II. Taylor now insists that an agreement and payment thereunder amounted, in the law, to a payment of the mortgage debt, and, therefore, the mortgage debt cannot be foreclosed, for the lien thereof is discharged by payment. The language of the agreement furnishes a ready answer to this claim. It declares that "this agreement is not intended to pay or relieve any of said indebtedness as against the premises mortgaged, but simply to relieve said Williams from a personal judgment and liability on said debt." The intention of the parties that the mortgagor should be released from personal liability cannot be doubted. The purchaser, Taylor, is not prejudiced by the agreement, for he purchased the land subject to the

mortgage; thus undertaking that the land, by the enforcement of the lien of the mortgage, should be sold for the payment of the mortgage debt. It could have been so taken if the agreement had not been entered into between the plaintiff and the mortgagor. Taylor's rights are not changed or affected by the agreement.

The district court rightly entered a decree of foreclosure, subjecting the land to sale to satisfy the mortgage debt, and exempting the mortgagor from personal liability therefor. AFFIRMED.